UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| RONALD C. LANE #396624 | ) | |
|---|---|---|
| | ) | |
| v. | ) | NO. 2:06-CV-162 |
| | ) | |
| JOHNSON COUNTY JAIL; | ) | |
| DR. B. HATHAWAY | ) | |

## **MEMORANDUM and ORDER**

This *pro se* civil rights action for injunctive relief under 42 U.S.C. § 1983 was filed by Ronald C. Lane, a state inmate housed at the Johnson County Jail. Plaintiff's application to proceed *in forma pauperis* is **GRANTED** and he is **ASSESSED** the filing fee of three hundred and fifty dollars ($350). The custodian of plaintiff's inmate trust account at the institution where he now resides is **DIRECTED** to submit to the Clerk of Court, as an initial partial payment, twenty percent (20%) of the greater of either the average monthly deposits to the inmate trust account or the average monthly balance in the account, for the six (6) months immediately preceding the filing of the complaint. 28 U.S.C.§ 1915(b)(1).

After full payment of the initial partial filing fee, the custodian shall submit twenty percent (20%) of plaintiff's preceding monthly income credited to his account, but only when the amount in the account exceeds ten dollars ($10), until the full $350 fee has been paid.[1]  28 U.S.C. § 1915(b)(2).

---

[1] Payments should be mailed to:   Clerk's Office, USDC
220 West Depot Street, Ste. 200
Greeneville, TN 37743.

The Clerk is **DIRECTED** to mail a copy of this Order to the custodian of inmate trust accounts at plaintiff's place of confinement and also to George Little, the Commissioner of the Tennessee Department of Correction, to ensure compliance with the assessment procedures outlined herein.

1. Plaintiff's Allegations

Plaintiff makes the following allegations in his complaint. Since birth, plaintiff has had ear problems, which have required seven to eight surgeries and have necessitated periodic visits with an ear specialist. Plaintiff also suffers from several other conditions, including TMJ [temporal mandibular joint disease]; bipolar disease; anxiety; depression; and nerves, the latter of which he attributes to the pain in his ear. Defendant Hathaway has prescribed medications to treat his medical and psychological problems, but they do him no good, although there are some medications which would work quite well, such as those prescribed by his family physician in Greene County. He saw defendant Hathaway in June of 2006 and tried to explain his medication dilemma to her, but she was disrespectful, told him that there was nothing she could do for him, and advised him to go back to the county he came from. He would have the Court order that he be given the medication and medical care he needs and he also would like to sue defendant Hathaway for malpractice.

2. Screening the Complaint

The Court must now review the complaint to determine whether it states a claim entitling the plaintiff to relief or is frivolous or malicious or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2) and § 1915A; *McGore v. Wrigglesworth*, 114 F.3d 601, 607 (6th Cir. 1997). If so, this suit must be dismissed.

At the outset, plaintiff has named the Johnson County Jail as a defendant. The Johnson County Jail is a building–not a suable entity under § 1983. *See Monell v. Department of Social Services*, 436 U.S. 658, 688-90 (1978); *Cage v. Kent County Correctional Facility*, 113 F.3d 1234, 1997 WL 225647, **1 (6th Cir. May 1, 1997).

The gravamen of plaintiff's complaint is that he has been prescribed medications which do not help his medical problems and denied those medications which have helped him in the past. The Eighth Amendment is violated when a prison official is deliberately indifferent to an inmate's serious medical needs. *Estelle v. Gamble,* 429 U.S. 97, 103 (1976). However, where a prisoner receives some medical care and the dispute is over its adequacy, no claim has been stated. *Westlake v. Lucas*, 537 F.2d 857, 860 n.5 (6th Cir. 1976). By the same token, a divergence of medical opinion regarding treatment does not amount to deliberate indifference. *Shofner v. Comacho*, 2000 WL 1359633, at*2 (6th Cir. Sept. 14, 2000) (citing, *inter alia*, *Estelle*, 429 U.S. at 107).

Plaintiff does not indicate that he was refused treatment for his various medical conditions—indeed, plaintiff was taking a number of medications prescribed

by defendant Hathaway. Essentially, his claim is that he was not given the medications that he desired. But a disagreement between a prisoner and his doctor concerning treatment does not state a cognizable Eighth Amendment claim. *Estelle*, 429 U.S. at 107. By the same token, allegations that a medical condition has been negligently diagnosed or treated are not actionable under § 1983, and the mere fact that the victim happens to be a prisoner does not convert what, at best, is a medical malpractice claim into a constitutional violation. *Id.*, at 106. For this reason, the plaintiff's claim that he was denied specific medications fails to state a viable claim entitling him to relief under § 1983. *See Layne v. Vinzant*, 657 F.2d 468, 473 (1st Cir. 1981) (finding that "[t]he right to be free from cruel and unusual punishment does not include the right to treatment of one's choice").

3. Conclusion

Because plaintiff's allegations do not entitle him to relief under § 1983, this action will be dismissed for failure to state a claim. 28 U.S.C. § 1915(e)(2); § 1915A.

A separate order shall enter.

**ENTER**:

s/J. RONNIE GREER<br>UNITED STATES DISTRICT JUDGE